**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTINA RUSSO<br>9071 Mill Creek Road, Apt. 1903<br>Levittown, PA 19054<br>    and<br>LINDSEY JOHNSON<br>23 Half Turn Road<br>Levittown, PA 19056<br>    and<br>ERIC HELKOWSKI<br>172 Twin Oak Drive<br>Levittown, PA 19056<br><br>       Plaintiffs,<br>v.<br><br>MILLER'S ALE HOUSE, INC. *d/b/a*<br>MILLER'S ALE HOUSE<br>2250 Lincoln Highway<br>Langhorne, PA 19047<br><br>       Defendant. | CIVIL ACTION<br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiffs Christina Russo, Lindsey Johnson, and Eric Helkowski (*hereinafter* referred to collectively as "Plaintiffs"), by and through their undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiffs have initiated this action to redress violations by Miller's Ale House, Inc. *d/b/a* Miller's Ale House (*hereinafter* "Defendant") of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.)**,** the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage and Collection Law(s). Within *at least* the Langhorne, Pennsylvania location (and likely others), Defendant has continually failed to pay employees in accordance with state and federal

wage laws for several years (and <u>despite</u> being on notice of such violations from prior litigation and internal employee complaints).

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States (the FLSA) and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein. There would separately lie jurisdiction under 28 U.S.C. § 1332, as Plaintiffs are residents, citizens and domiciliaries of Pennsylvania. Defendant, while operating a location at the above-captioned address, is a Delaware corporation and headquartered in Florida (rendering there complete diversity). Moreover, Plaintiffs herein seek in excess of $75,000.00, exclusive of costs and interest.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6. Plaintiffs are adults who reside at the above-captioned addresses.

7. Miller's Ale House, Inc. *d/b/a* Miller's Ale House operates a chain of restaurants in Florida, Georgia, and Pennsylvania. Plaintiffs were hired through and worked out of the Miller's Ale House restaurant located at the above-captioned address (at all relevant times underlying the claims in this lawsuit).

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

**FACTUAL BACKGROUND**

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. This lawsuit is pursued based upon a 3-year look back period under state and federal law(s), and thus all allegations and assertions herein are premised only upon this legal timeframe (hereinafter, "the lookback").

11. Christina Russo ("Plaintiff Russo") was hired by Defendant in or about July of 2008; and in total, she worked for Defendant for approximately 14 years.

12. During the lookback, Plaintiff Russo held the positions of server or bartender (as needed) until resigning from Defendant effective on or about September 3, 2022.

13. Eric Helkowski ("Plaintiff Helkowski") worked for Defendant during 2 separate periods of employment, initially being hired in or about June of 2017 (working for several years until in or about April of 2022) and again being rehired in or about July of 2022. Plaintiff ceased working for Defendant entirely following his second period of employment effective on or about December 22, 2022.

3

14. During the lookback, Plaintiff Helkowski held the positions of server or bartender as needed until separation in December of 2022.

15. Lindsey Johnson ("Plaintiff Johnson") was hired by Defendant in or about July of 2008; and in total, Plaintiff has been employed with Defendant for almost 15 years. Plaintiff remains employed with Defendant. During the lookback, Plaintiff has worked as a Server for Defendant.

16. While in the employ of Defendant at the Langhorne location, all 3 Plaintiffs worked under management including but not limited to:

> (1) John Holmes – General Manager;
>
> (2) Tom Rigby – Assistant General Manager; and
>
> (3) Various other supervisory management (overseeing the kitchen, bar, and work shifts).

17. Plaintiffs were at all relevant times hourly-paid employees earning $2.83 - $9.00 per hour depending upon the role they performed (and were tipped employees).

18. Defendant has engaged in pervasive and institution-wide practices directly in violation of state and federal wage laws, including the following types of violations.

**[1] Inability to Punch in For Work**

19. Defendant utilizes what is commonly referred to in the restaurant industry as a POS System ("Point of Sale System"). This type of system can take many forms but is typically (as within Defendant) a computer screen wherein: (a) food / drink orders are placed by servers and bartenders; (b) patron and customer payments are processed; (c) reports can be run through various applications or buttons; and (d) employees are <u>supposed to be able</u> to properly clock-in and clock out. It is a versatile system serving as the centralized computer system of a restaurant.

20. At times, Plaintiffs (and other servers) are called into work to assist with prep work ("prep work"). Prep work entails a server coming into work 30 minutes – 1 hour prior to their work shift(s) to engage in setup (such as filling dressings, rolling silverware, and other tasks to get ready for a lunch / dinner shift.

21. The POS System (hereinafter, "POS") only permitted employees to punch in for their work shift if: (1) they were punching in within 5 minutes of their scheduled shift; **and** (2) the employee was punching in for his or her assigned role (i.e. server or bartender).

22. Plaintiffs (and servers in general) were unable to punch into Defendant's POS because they were frequently being asked to come in well before 5 minutes from their shift, and Defendants had not created an icon for prep work (so Plaintiffs could not even punch in for the job classification they were performing).

23. When Plaintiffs (and other servers) would perform prep work, they had previously been told (and it was a companywide policy) that they would be paid at a (higher) regular pay rate (not at a server or bartender hourly pay rate).

24. Plaintiffs and other servers / bartenders:

(1) Were not paid for prep work in most circumstances; and

(2) Were not paid at a higher hourly rate as assured (and per policy) in most circumstances; and

25. On many occasions, Plaintiffs (and other servers / bartenders) were also (and separate from the above) unable to punch into work for **3** reasons: (1) they were potentially tardy (and were unable to physically punch in for being more than 5 minutes late for their shift, rendering a punch in not possible on the POS); (2) upon arriving to work, the servers (including Plaintiffs) were asked to assist with something and were unable to punch in at work within the aforesaid 5-

minute window; or (3) they were asked to come in and assist on a day / time not scheduled (such as earlier on a weekend), so they were not able to punch in on the POS.

26. Across-the-board and business-wide, Plaintiffs (and others in general) have been continually shorted actual wages (and in turn overtime compensation) by virtue of continually working without having been punched in pre-shift. On a consistent basis during the lookback, Defendant did not properly account for work performed prior to deeming employees actually punched in at work.

27. A manager could manually punch an employee in who was otherwise unable to punch in, and while that did occur, on most occasions employees were not properly punched in at their start times or pay rates for work performed.

**[2] Management Tip Falsification & Manipulation**

28. Defendant's upper management have a name ascribe to illegal tip manipulation, and they called it "makeup pay."

29. On a weekly basis (usually on Mondays), management of Defendant reviewed server and bartender tip compensation and tip reporting (by hourly front-of-the-house staff). There are specific reports showing all tips claimed by server and bartender staff.

30. Without discussion or notice to tipped employees, Defendant's management manipulated and falsified employee tip compensation. More specifically:

> (1) Management made an assessment of whether or not they believe in a given week a bartender or server had enough tips reported;
>
> (2) If management believed that certain employees may not make minimum wage for the pay period, management simply *inflated* the tips of the bartender or server for the week in the reporting and records (even though the bartender or server *did not earn or receive* such extra tips);
>
> (3) Management did not get consent, nor disclose to employees their process of "makeup pay;"

6

(4) Servers and bartenders also had to tip bussers and hosts (despite that bussers and hosts made more than minimum wage already without a proper accounting of what they were being tipped); and

(5) Servers and bartenders were attributed inflated tips that they did not earn (and/or which they had paid to others) - - all so Defendant could avoid (potentially) contributing to employee wages.

**[3] Post-shift Non-Pay**

31. Defendant's management wanted to process all checks, payments, reconciliations, finalize bank deposits, finalize daily funding, and run reports that were required for close of shift (so as a salaried employee, they could exit the business for the evening sooner). In order do so, all employees had to be punched out from work (prior to such reports being run).

32. Defendant's management – on a consistent basis – punched employees (and Plaintiffs) out early when they worked night / closing shifts.

33. Following the aforesaid punch-outs, Plaintiffs and other employees continued to work for an additional 30 minutes to 1 hour on a typical basis. Neither Plaintiffs, nor other similarly situated employees, were compensated at all while punched out for managerial convenience (while they cleaned, did inventory, restocked, and handled other post-shift tasks for the benefit(s) of Defendant).

**[4] Non-Payment at Proper Pay Rates**

34. Plaintiffs (and other similarly situated employees) were scheduled to come in early for prep (as explained *supra*), and they were at times scheduled to come in for meetings or restaurant-wide cleanings (where they would clean and not even work as a tipped staff member).

35. Per Defendant's policies, if a server or bartender performed prep, cleaning and any non-tipped work for a period of time, partial shift or whole shift, they were to be paid at a prep

7

(and non-tipped employee rate). In sum, such tipped employees were to be paid at a higher hourly pay rate for non-tipped work.

36.     Defendant frequently only paid Plaintiffs (and others) at a lower (tipped) rate than a promised enhanced hourly rate.

### Notice, Violations & Claims

37.     Defendant have been on notice about and concerning the bulk of these violations for many years. Defendant has defended litigation concerning these similar claims, and Defendant has in the past paid certain employees retroactively for similar concerns (but not as to any of Plaintiffs).

38.     Many current and former employees have also lodged concerns to management about these violations, but the continue unabated.

39.     Despite the foregoing, clear notice, and illegality within which Defendant operates - - Defendant has continued to intentionally, knowingly, and falsely operate in the manner and design as set forth in this lawsuit.

40.     Upon information and belief, Defendant's actions are condoned and perpetuated by the highest levels of management, including regional management.

41.     As a result, Plaintiffs are entitled to: (a) owed overtime compensation; (b) unpaid wages; (c) liquidated damages; (d) attorney's fees; (e) costs; and (f) other equitable and legal remedies.

42.     Plaintiffs are collectively owed in excess of $75,000.00, exclusive of costs and interest from such violations (and including anticipated attorney's fees and liquidated damages).

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Minimum Wage and Overtime Violations)**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Plaintiffs at times worked over 40 hours per week and were not properly paid overtime compensation as a result of the weekly violations outlined in this lawsuit.

45. Defendant's actions as aforesaid constitute violations of the FLSA.

## COUNT II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Minimum Wage and Overtime Violations)**

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiffs at times worked over 40 hours per week and were not properly paid overtime compensation as a result of the weekly violations outlined in this lawsuit.

48. Defendant's actions as aforesaid constitute violations of the PMWA.

## COUNT III
### Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiffs were not paid at proper pay rates, were not paid for all hours worked, and they were victims of being attributed inflated tips which in turn reduced their compensation.

51. These actions as aforesaid constitute violations of the WPCL.

## COUNT IV
**Common Law Fraud**

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. This claim is specific to Defendant's actions with respect to tip compensation. Plaintiffs:

- Entered their specific claimed tips weekly;

- Were informed these were the only tips they were claiming and being attributed to them; and

- Relied to their detriment on a material representation that they were going to be compensated in exchange for continuing to work based upon the tips they reported (which was their actual earned compensation).

54. Defendant materially lied to Plaintiffs. Defendant in fact without disclosure falsely modified and manipulated their tip income to reflect a higher tip rate (of unearned income) to create higher taxation to Plaintiffs and so as to avoid minimum wage obligations.

55. As a result of Defendant's brazen fraud scheme, Plaintiffs (and other similarly situated employees) paid higher taxes on money they didn't earn and had a reduced overall income in payroll periods.

56. Defendant's action were so outrageous, they: (a) concealed its actions from Plaintiffs and employees in general; and (b) actually created a name to the fraud – "makeup pay." Such actions warrant not only actual damages, but punitive damages (as permitted by such tortious conduct).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting unlawful payroll in the future against any employee(s);

B.  Defendant is to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendant's illegal actions, including but not limited to back pay and other forms of owed compensation;

C.  Plaintiffs are to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.  Plaintiffs are to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress);

E.  Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                  Respectfully submitted,

                  **KARPF, KARPF & CERUTTI, P.C.**

By: _____
                  Ari R. Karpf, Esq.
                  3331 Street Road
                  Two Greenwood Square, Suite 128
                  Bensalem, PA 19020
                  (215) 639-0801

Dated: March 1, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Christina Russo, et al. : CIVIL ACTION
v. :
:
: NO.
Miller's Ale House, Inc. d/b/a Miller's Ale House :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 3/1/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __9071 Mill Creek Road, Apt 1903; Levittown, PA 19054; 23 Half Turn Road, Levittown, PA 19056; 172 Twin Oak Drive, Levittown, PA 19056__

Address of Defendant: __2250 Lincoln Highway, Langhorne, PA 19047__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  
   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  
   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  
   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  
   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3/1/2023__   _____   __ARK2484 / 91538__
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
     *(Please specify): _____*

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify): _____*
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
     *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __3/1/2023__   _____   __ARK2484 / 91538__
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RUSSO, ET AL.

**DEFENDANTS**
MILLER'S ALE HOUSE, INC. D/B/A MILLER'S ALE HOUSE

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | [X] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of FLSA, PMWA and the PA Wage and Collection Law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 3/1/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print    Save As...    Reset