IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINA RUSSO, LINDSEY JOHNSON,

    Plaintiffs,

v.                                                                                          Case No.: 2:23-cv-00790

MILLER'S ALE HOUSE, INC., d/b/a
MILLER'S ALE HOUSE

    Defendant.

_____

## JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT

This Motion is respectfully submitted jointly by and between Lindsey Johnson ("Plaintiff") and Miller's Ale House, Inc. *d/b/a* Miller's Ale House ("Defendant").

1. Plaintiff filed a Complaint against Defendant alleging, *inter alia,* failure to pay wages in violation of the Fair Labor Standards Act ("FLSA").

2. Defendant filed an Answer with Affirmative Defenses to Plaintiff' Complaint, in which Defendant denied all of Plaintiff' allegations and asserted that the FLSA claims lacked merit.

3. After the engaging in paper discovery, the Parties engaged in direct settlement discussions in good-faith, resulting in a negotiated settlement of this matter which the parties by this Motion request the Court's approval.

4. The Parties seek this Court's approval of their settlement because the underlying claims include alleged FLSA wages and related state law violations (although Court approval is not required for the state law claims).

5. An employer and employee cannot privately waive the employee's FLSA right to a basic statutory minimum wage and liquidated damages. *Brooklyn Savings Bank v. O'Neil*, 324

U.S. 697 (1945). However, as the United States Supreme Court made clear in the *Overstreet v. North Shore Corporation et al.*, 323 U.S. 679 (1944), line of cases, employers and employees may enter into stipulated judgments in settlement of bona fide FLSA disputes. The Plaintiff in the *Overstreet* matter brought suit under the FLSA to recover alleged unpaid minimum wages and overtime compensation. The case was tried in the district court and resulted in a judgment awarding to each plaintiff specific unpaid wages, overtime compensation, penalties, and attorney's fees. 52 F. Supp. 503 (S.D. Fl. 1943). The case was appealed on coverage issues, 143 F.2d 172 (5th Cir. 1944), and reached the United States Supreme Court. The Court, in a *per curiam* opinion, simply modified the judgments of the District Court <u>in accordance with stipulations signed by counsel for the parties</u>. *See* 323 U.S. 679 (1944).

6. The Supreme Court later explained in *D.A. Schulte v. Gangi*, 328 U.S. 108 (1946):

> "Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employers and employees over violations of the Act, by the simple device of filing suits and entering agreed judgments, … the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."

*Id.* at 928, n.8.

7. Thus, back wage claims arising under the FLSA may be settled or compromised if the employees present to the district court a proposed settlement for scrutiny. *See, e.g., Lynn's Food Store v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Then, "the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. Nos.: 08-1798(JLL), 10-2461(JLL), 09-6128(JLL)(D.N.J. Mar. 26, 2012), *citing Lynn, supra.*

8. Defendant at all times has denied and continues to deny that it violated the FLSA, and it does not admit liability under any state or federal statute. Neither Defendant's agreement to

the terms of the settlement agreement nor any other action taken by Defendant in connection with this Joint Motion constitutes any admission by Defendant of any violation of law, duty or obligation.

9. Nonetheless, in order to avoid the expense, commitment of time and resources, inconvenience and burdens of protracted litigation, Defendant and Plaintiff have conferred and have reached an amicable resolution of this matter, herein presented.

10. Defendant has offered legally sufficient monetary and other consideration to settle this action in consideration of and exchange for Plaintiff's execution of a release and waiver of claims by Plaintiff in favor of Defendant and other negotiated promises and obligations as set forth in the attached FLSA Settlement Agreement. The settlement payment resolves all claims for alleged unpaid compensation, damages, costs and attorneys' fees in connection with Plaintiff' FLSA and related state law wage and hour claims.

11. Plaintiff has accepted this offer of settlement, and all Parties find the settlement to be reasonable. Defendant and Plaintiff have exchanged a settlement and release Agreement as evidence of the same, which is satisfactory to all Parties. Pursuant to their Agreement, Plaintiff released, among other things, any and all claims against Defendant in this matter or otherwise arising out of her employment prior to the date of an Order on this Motion.

12. In consideration of the monetary and non-monetary provisions set forth above, Plaintiff and Defendant resolve their disputes, waive adjudication on the merits and agree to dismissal of the claims in this suit with prejudice.

13. With respect to Plaintiff's counsel's attorneys' fees and costs, "[f]ee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Aros v.*

*United Rentals, Inc. .,* Civ. A. No. 3:10–CV–73, 2012 WL 3060470, at *4 (D.Conn. July 26, 2012) (quoting *Sand v. Greenberg,* No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)).

14. Plaintiff entered into a contingency representation agreement with her undersigned counsel, which provides for a 35% contingency fee, after reimbursement of any costs. In scrutinizing the fairness of FLSA settlements, and fees paid thereunder, Courts in this District have upheld similar contingency rates agreed upon between a plaintiff and his/her counsel as the contingency rate in the case at bar. In *Adams, et al. v. Bayview Asset Management, LLC*, Docket 13-CV-05967 (E.D. Pa. 2013) (Brody, J.), the Court approved a 40% contingency fee for eight (8) different single-plaintiff cases, conditioned upon the plaintiff's counsel representing via affidavit that the contingency fee agreement existed at the commencement of the representation to verify plaintiff's counsel bore all of the risk of loss by proceeding with such litigation. *Id*. at Docket Entries 7, 10, and 11. In *Messina et. al. v. Oxford Valley Cardiology Associates P.C. et. al*, Docket No.: 16-CV-01008 (E.D.Pa, 2016) (Ditter, J.), the Court approved a 40% contingency fees for five (5) different single-plaintiff cases, and in assessing fees noted, "I find the attorney's fees to be reasonable based on counsels' joint representation that the fees and costs incurred were proportional to the needs of the case and Plaintiff' counsel's agreement not to seek payment for all services performed in order to facilitate the settlement of this dispute."). *Id.*, at Dkt. No.: 24; *Angela Edmondson v. Modern Group LTD., et. al.* Docket No. 14-cv-6706 (E.D.Pa. 2015) (Kearny, J.) (Court approving contingency rate in single plaintiff FLSA case); *Joseph Parris v. Creative Waste Solutions, LLC, et al.* Docket No. 17-cv-3093 (E.D.Pa. 2018) (Hey, M.J.) (same); *Holmquist v. EZ Homes, et al.,* 2:17-cv-03800 (E.D. Pa. 2018) (DuBois, J.) (same); *Ace Parks v. Creative Waste Solutions, LLC, et al.* Docket No. 17-cv-2559 (E.D.Pa. 2018) (Pratter, J.) ("The Court also finds

4

that the fee arrangement, where the representing attorney receives 40% of the settlement plus costs, to be fair and reasonable.") *Id.*, at Dkt. No.: 23; *Tina Mentzer, et al. v. Eid's Grandkids, LLC, et al.,* Docket No.: 20-1816 (E.D.Pa. 2020) (Gallagher, J.) (Court approved 40% contingency rate in FLSA case with two plaintiffs).

15. Under the terms of the Plaintiff's representation agreement with her undersigned counsel, Plaintiff is recovering a total of $8,674 from the total settlement amount of $13,500.00. Plaintiff's undersigned counsel is obtaining a total fee of $4,825.41 which includes a $154.47 out-of-pocket expense reimbursement.

16. The Parties stipulate that this Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. Section 1331.

17. This settlement and request for dismissal only applies to Plaintiff Johnson.

Having considered the foregoing, scrutinized the settlement, and determined that the settlement is fair and reasonable (attached hereto as Exhibit "A"),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

18. All the foregoing terms and conditions be, and the same are, hereby approved and incorporated fully into this Consent Order;

19. Johnson's claims are dismissed in their entirety, with prejudice, except that the Court shall retain jurisdiction for a period of ninety (90) days in the event that settlement is not finalized; and

20. The Parties to this Consent Order shall endeavor in good faith to resolve informally any difference regarding interpretation of and compliance with the Order prior to bringing such matters to the Court for resolution.

Respectfully submitted:

| | |
|---|---|
| */s/ Traci Greenberg* | */s/ Luis A. Santos* |
| | Mark A. Saloman |
| Karpf, Karpf & Cerutti, P.C. | FordHarrison LLP |
| Two Greenwood Square | 300 Connell Drive, Suite 4100 |
| 3331 Street Road, Suite 128 | Berkeley Heights, NJ 07922 |
| Bensalem, PA 19020 | Telephone: (973) 646-7300 |
| (215) 639-0801 | Facsimile: (973) 646-7301 |
| *Attorneys for Plaintiff* | |
| | Luis A. Santos, *Pro Hac Vice* |
| | FordHarrison LLP |
| | 101 E. Kennedy Boulevard |
| | Suite 900 |
| | Tampa, FL 33602 |
| | 813-261-7852 |
| | |
| | *Attorneys for Defendant* |

Approved this \_\_\_ day of _____, 2023

_____

HON. JOHN F. MURPHY U.S.D.J.